Burket, J.
Upon the trial the plaintiff below when a witness upon the stand, after testifying to the speaking of the words by him, and the manner in which they were spoken, testified as follows :
“Q. Well, was there a Swede? A. Yes, he was boarding at his house. Q. ■ What .is his name? A. His name is Charlie Masters. Q. Did you know him ? A. Y es. Q. Was he in the neighborhood there? A. He was boarding at Mr. Heeney’s house. Q. You may state whether you had anything to do with that Swede? A. No, sir ; I did never have nothing- to do with any one. Q. You may state whether any of the persons that' *505 were there that day when he talked this language, knew that the Swede had been at his house? A. Yes.” To each of these questions the defendant below objected. The objections were all overruled and exceptions taken, and the admission of this evidence under the pleadings constitutes the first assignment of error.
It is urged by plaintiff in error that this testimony gave a slanderous import to the words, which was derived from extrinsic facts, and that if she desired the benefit of such facts she should have pleaded them so as to inform the defendant below what he would be expected to meet on the trial.
When the plaintiff in a slander suit desires to broaden and intensify the meaning of the words spoken by connecting them with extrinsic facts known to the speaker and to those who heard the words spoken, such extrinsic facts should be averred in the petition; and if the petition in this case had been as counsel for. plaintiff in error assume it in the argument to be, the evidence in question would clearly be incompetent. The petition on this point is as follows: “You, meaning said plaintiff, are the Swede’s whore. Meaning thereby, that said plaintiff was and had been a whore for a certain Swede, referred to. ’ ’
Extrinsic evidence that there was a certain Swede who was referred to by defendant below in what he said, and that she was his whore is here averred. In the absence of a motion to make this averment in the petition more specific and certain, the evidence in question was properly received. The evidence so received and objected to tended to prove this averment in the petition, and if he *506 desired to have' the extrinsic facts more fully set out, he should have made a motion to that effect.
In the next place it is claimed by counsel for plaintiff in error that the evidence clearly shows that the words spoken by defendant below were spoken in the Irish language, and that as they are set up in the petition in the English language only, there can be no recovery.
After the plaintiff below and her witnesses had testified to the speaking of the words charged in the petition, without saying anything as to the language in which the words were spoken, the defendant below introduced some evidence to the effect that they were scolding and using the Irish language and one thing another; that they were talking Irish; that they talked in Irish and English ; that they mixed up the English with the Irish ; but none of those witnesses could tell what was said in either language.
Upon this state of the testimony the court charged the jury upon that subject as follows:
‘ ‘ The words charged are charged to have been spoken in the English language. So that, to entitle the plaintiff to recover in this action it must appear that these words were spoken in the English tongue. If spoken in a foreign tongue, there can be no recovery in the petition in this case, for it is not claimed they were spoken In a foreign language, and no translation is given. It is a case in which it is charged that these words were spoken in the English language, and to entitle the plaintiff to recover, the proof must satisfy you that they were spoken in the English tongue.”
“ By Mr. Kerruish: We ask the court to say to the jury that there being- no presumption that the words were spoken in any foreign tongue, there *507 being no statement to the effect that they were spoken in a foreign tongue, the burden of establishing the fact that they were spoken in a foreign tongue is upon the defendant.
By the Court :
(as it further charged.)
I think there is no presumption at all that the words were spoken in a foreign tongue. It is a question of evidence. The presumption, I think, is that they were spoken in the English tongue; and in the absence of proof to the contrary, the jury would be justified in assuming that the words were spoken in the English tongue, if spoken at all.”
There was no error in this part of the charge. The words are set out in the petition in the English language. The testimony of the plaintiff below and her witnesses as to the speaking of the' words, and as to the quarreling between the parties on that occasion, was in English without any suggestion as to any other language. This is an English speaking nation, and our courts and schools use that language, and the natural presumption is that English was used until the contrary is made to appear. Whether the contrary was made to appear is a question of fact for the jury, to be determined from the evidence, and in the absence of evidence to the contrary, the presumption would be that the words were spoken in English. No witness states that the words were spoken in Irish, and there was no testimony tending to prove that they were so spoken. As some of the witnesses say that they were scolding in Irish, and mixed up the English and Irish, the jury might guess that the words, if spoken at all, were spoken in Irish, but there was no proof to the *508 effect that the words were spoken in the Irish language.
Another assignment of error is as to the admission of certain testimony. The defendant below testified in his own behalf on the trial, and on cross-examination he was asked whether he was not arrested before Squire Poe for the transactions of that day, and he said he was. He was then asked whether he was not arrested for speaking the words charged in the petition, and whether he did not come in and plead guilty and say that he spoke those words and pay his 'fine and costs, to which he answered, “No, sir.” He further testified on cross-examination that they were both arrested in police court for the disturbance and were discharged, and he claimed that when he was brought before Squire Poe he was not informed and did not know that he was arrested for speak, ing the words charged in the petition, and that he did not plead guilty to speaking those words.
Thereupon plaintiff below called T. J. Rose, who had acted as clerk to Squire Poe, and Mr. Rose brought Mr. Poe’s criminal docket into court, and after identifying the same, counsel said to him: “Turn to page 244 and read that whole thing from beginning to end.” Objection was madé, and no answer was given. And there was nothing developed showing what was in the docket at page 244.
Thereupon Squire Poe was called as a witness by the plaintiff below and his attention called to page 214 of the docket, and he was asked to refresh his recollection and state whether he saw the warrant in that case, and he said he did; but there was no evidence offered to show what ease he looked at to refresh his memory, or what case appeared on page 214. He was then asked the fol *509 lowing question: “Q. You may state whether this'man, the defendant in that ease, was made aware of what he was charged with. ” Counsel for defendant below objected to this question. The objection was overruled and exceptions taken. The examination then proceeded as follows:
“Q. By Mr. Kerruish: With your indistinct recollection refreshed, as it may be by this record, you may state whether there was made known to this defendant, and whether he was apprised of what he was charged with ? A. He was. Q. You may state whether he said he was guilty of using these words. Refresh your recollection by what is at the bottom of that docket. A. I think so. I think a waiver was written on the back of the envelope. Q. Explain what that waiver is? A. It was something after this form: T hereby waive trial by jury and enter plea of guilty to the charge herein.’ Objected to. (Answer continued.) That’s always the entry where they plead guilty and sign the waiver. To which answer defendant objected, and moved the court to take the same from the consideration of the jury which motion was sustained. Q. You may state whether it was made known to him what he was charged with and whether he said he was guilty afterward. To which question defendant objected, which objection was overruled, to which ruling of the court defendant then and there excepted. A. My recollection of it is we had some talk, and Heeney wanted to get out of it the cheapest way possible, and signified his willingness to sign a waiver after its being explained to him, and pleaded guilty and paid the costs. Q. What did he say in regard to being guilty or not guilty ? A. I don’t remember that he said anything more than what he signed. Q. *510 Did this waiver say‘I am guilty ? ’ A. Yes. Q. And he paid the costs thereupon, as is stated there? A. I think I told him I could not figure the costs there, and he paid them at the office.”
There is no evidence tending- to prove that the charge against Mr. Heeney before Squire Poe was for speaking the words charged in the petition. Mr. Poe says that Mr. Heeney plead guilty, but fails to state to what charge the plea was entered. The affidavit was not offered in evidence, neither was the entry thereof on the docket, nor a copy thereof; and yet from the evidence introduced over the objection of the defendant below, the jury would take it that he plead guilty to a charge for speaking the words set out in the petition.
The best evidence as to what the charge against Mr. Heeney before Squire Poe was, is the affidavit, and that should have been produced, and if it could not be found then secondary evidence of its contents could be offered, and then it should be shown that the affidavit was read to him, or that he was informed of the charge, and that, having knowledge of the charge, he said he was guilty, or words to that effect.
The evidence shows that he pleaded guilty to some charge before Squire Poe and signed a waiver and paid the costs, but the nature of the charge is not disclosed by any witness except himself, and he says it was not for speaking those words, but for something growing out of that day’s transactions — disturbance, as he calls it.
The admission of this evidence as to pleading guilty to a charge before Squire Poe, without showing that the charge was for speaking those words, was prejudicial error, as the jury would *511 naturally infer that he plead guilty to a charge for the speaking of the words in question.
The record does not disclose the action taken by the court as to misconduct of counsel for plaintiff below, and therefore it must be presumed that the court discharged its full duty. The Warder, Bushnell & Glessner Co. v. Jacobs, 58 Ohio St., 77.
There is no error in the charge of the court as to damages, or exemplary damages.
For the error in the admission of testimony as to the plea of guilty as above indicated, the judgment of the circuit court, and of the court of common pleas will be reversed, and the cause remanded for a new trial.

Judgment reversed.